IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                         Case No. 2:19-cr-261

Terry Black

## OPINION AND ORDER

Defendant was indicted on December 19, 2019, for one count of possession of a firearm by a person convicted of a misdemeanor crime of violence and one count of felon in possession of a firearm. On January 14, 2020, the magistrate judge entered an order of detention. This matter is before the court on the defendant's motion for release from custody due to the COVID-19 pandemic.

Defendant relies on 18 U.S.C. §3142(i), which states:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. §3142(i). Defendant alleges that he is currently detained in the Butler County Jail, and that his cell mate was removed by jail personnel after either testing positive for COVID-19 or being exposed to someone who tested positive. Defendant argues that he is at greater risk of contracting the disease while incarcerated at the Butler County Jail. He also contends that his detention poses obstacles to trial preparation due to visitation restrictions at the jail which limit his counsel's ability to confer with him. Defendant requests that he be released to his mother's residence on home confinement pending trial. The

government has filed a response in opposition to the motion.

Defendant does not contest the basis for the original order of detention. The pretrial services officer recommended that defendant be detained because no conditions or combination of conditions could guarantee the safety of the community and the defendant's appearance. As to the risk of nonappearance, the pretrial services officer noted defendant's history of failure to appear and absconding (defendant's record includes the issuance of three capiases for failure to appear, a 2009 conviction for failure to appear, and absconding from probation in 2002), and inconsistent information regarding defendant's employment history. See Doc. 23. The pretrial services officer also noted that defendant posed a risk of danger to the community due to the nature of the current offenses; his lack of compliance with probation (terms of probation for previous state offenses were revoked in 2002 and 2016); his history of domestic violence offenses (defendant has five convictions for domestic violence and one conviction for aggravated assault); and his history of weapons use.

The magistrate judge concluded that the government proved that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community and the defendant's appearance as required. Doc. 16, p. 2. The magistrate judge noted the strong weight of the evidence against defendant, his prior criminal history, his participation in criminal activity and violation of conditions while on probation, his prior failure to appear in court as ordered, and his history of violence or use of weapons. Doc. 16, pp. 2-3.

The affidavit submitted in support of the complaint, Doc. 1,

states that officers were called to the residence of Natasha Hardy, who reported that defendant had a gun and beat her. The officers observed marks on her face and neck. Defendant was encountered at the residence and was placed in handcuffs. He denied having a firearm and claimed that Hardy had attacked him. Hardy stated that defendant had begun staying with her after he was kicked out of his mother's home. Hardy decided that she no longer wanted defendant staying with her, and began packing his things. At that point, defendant struck her in the face and began to choke her. Hardy alleged that when she attempted to get her cell phone, defendant displayed a firearm and told her that he would kill her if she called the police. Hardy then ran from the apartment. She consented to the search her residence, and officers found a loaded nine-millimeter pistol in a black book bag. When questioned after his arrest, defendant claimed that his gun never came out of his bag, and that he had purchased it two months earlier for protection. Doc. 1, pp. 2-3.

  The court agrees with the finding of the magistrate judge that there is clear and convincing evidence that defendant's release on home confinement would pose a danger to the safety of others in the community, and that no condition or combination of conditions would guarantee his appearance if he is released. Defendant now alleges that he should be released on home confinement due to concerns about COVID-19. He is thirty-eight years old. The pretrial services report states that he is in good physical health. He does not allege that he is particularly susceptible to COVID-19 for any reason. There is one alleged case of COVID-19 at the Butler County Jail. There is no evidence that the facility is not taking

precautions to protect the inmates, and, in fact, defendant's motion indicates that the facility isolated an inmate who either had COVID-19 or was exposed to someone who did. There is no evidence that the facility is unprepared to implement suitable quarantine procedures for inmates who test positive.

Defendant seeks to return to his mother's residence on home confinement, even though his mother reportedly threw him out of her house shortly before he was charged in the instant case. Defendant has not established how releasing him on home confinement will present any lesser risk of contracting COVID-19. Placing defendant on home confinement would not prevent others from visiting him at his residence and exposing him to the disease. Releasing defendant on bond would also place at risk the pretrial services officer charged with monitoring his compliance while on bond. Defendant's record of criminal convictions and probation violations casts doubt on whether he would comply with any shelter-in-place restrictions. Defendant's release in the community would not guarantee defendant's safety and good health. In contrast, as defendant has indicated in his motion, access to the local jails is substantially restricted.

In regard to defendant's claim that he is unable to assist his counsel while in jail, counsel's lack of access to the jails well be taken into account in scheduling a trial date. In fact, all trials scheduled prior to June 1, 2020, were recently continued pursuant to General Order No. 20-08. The court will ensure that defendant and his counsel have sufficient time to prepare for trial after the jail restrictions are lifted.

The court concludes that the release of the defendant is not

necessary for the preparation of his defense or for any other compelling reason, including the risk of exposure to COVID-19, and that defendant's continued detention is warranted based on the relevant statutory factors. Defendant's motion for release on bond due to COVID-19 (Doc. 20) is denied.

Date: April 23, 2020                        <u>    s/James L. Graham    </u>
                                                James L. Graham
                                                United States District Judge